Michelle L. Roberts, State Bar No. 239092
E-mail: michelle@robertsdisability.com
ROBERTS DISABILITY LAW
66 Franklin Street, Ste. 300
Oakland, CA 94607
Telephone: (510) 230-2090
Facsimile: (510) 230-2091

Attorneys for Plaintiff,
Sandra Harris-Fitch

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA HARRIS-FITCH,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>　　　　Defendant. | CASE NO.: 4:21-cv-6827<br><br>**COMPLAINT (ERISA)** |

Plaintiff, Sandra Harris-Fitch, herein sets forth the allegations of her Complaint against Defendant Hartford Life and Accident Insurance Company ("Hartford").

<u>PRELIMINARY ALLEGATIONS</u>

1. "Jurisdiction" - This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan. Plaintiff seeks relief, including but not limited to, payment of the correct amount of

1  benefits due her under her plan, prejudgment and post-judgment interest, reinstatement to the
2  benefit plan at issue herein, and attorneys' fees and costs.

3      2.    Plaintiff was, at all times relevant, an employee of Mills-Peninsula Health Services and
4  resides in Alameda County, State of California. Plaintiff became disabled from work on July 22,
5  1991. At the time of her disability, Plaintiff was a participant in the Mills-Peninsula Health
6  Services welfare benefit plan ("the Plan") which provided for long-term disability ("LTD")
7  insurance benefits. The Plan is insured and administered by Hartford, under insurance policy
8  GLT023053.

9      3.    Hartford is a corporation with its principal place of business in the State of Connecticut,
10 authorized to transact and transacting business in the Northern District of California and can be
11 found in the Northern District of California.

12     4.    Intradistrict Assignment. Pursuant to Civil L.R. 3-2(c) and 3-5, Plaintiff believes that this
13 matter should be assigned to either the Oakland or San Francisco divisions since a substantial part
14 of the events or omissions which give rise to this action occurred primarily in Alameda County.

### FIRST CLAIM FOR RELIEF
### (29 U.S.C. § 1132(a)(1)(B))

5. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

6. The Plan contains the following definition of Total Disability:

> Total Disability means:
> a) during the Elimination Period; and
> b) the next 24 months;
> that you are prevented by Disability from doing all the material and substantial duties of your own occupation.
>
> After that for as long as you as you stay Totally Disabled that you are prevented by such Disability from doing any occupation or work for which you are or could become qualified by:
> 1) training;
> 2) education; or
> 3) experience.

7. Hartford approved and paid Plaintiff long-term disability benefits under the Plan beginning

November 19, 1991. Hartford paid benefits under the "own occupation" definition of disability for 24 months. Hartford then approved and paid "any occupation" disability benefits starting November 19, 1993.

8. During the many years that Hartford reviewed and approved Plaintiff's claim, Hartford made multiple buy-out offers to Plaintiff in recognition that she was likely to be disabled through the maximum payment date of December 4, 2023. Plaintiff rejected these offers. Hartford also conducted surveillance of Plaintiff which it ultimately determined did not show any activity which would justify terminating her claim.

9. On September 2, 2020, Hartford terminated Plaintiff's benefits based on its determination that after nearly 29 years, Plaintiff was suddenly no longer disabled. Hartford relied on pure paper reviews and a flawed vocational analysis to justify its decision. Plaintiff's disability was and continues to be supported by her treating doctor.

10. Without the benefit of legal counsel, Plaintiff timely appealed Hartford's decision to terminate her LTD benefits on November 25, 2020. Hartford upheld its decision to terminate her claim by letter dated March 18, 2021. Plaintiff fully exhausted any required administrative remedies.

11. Hartford violated the terms of the Plan and ERISA when it terminated Plaintiff's LTD benefits absent any proof of improvement in her condition. Plaintiff was and continues to be Totally Disabled as defined by the Plan.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Hartford as follows:

1. Payment of disability benefits due to Plaintiff;
2. An order declaring that Plaintiff is entitled to an award of LTD benefits, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;
3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: September 2, 2021            ROBERTS DISABILITY LAW

                                                                                     By:   */s/ Michelle L. Roberts*
                                                                                           Michelle L. Roberts
                                                                                           Attorneys for Plaintiff,
                                                                                           Sandra Harris-Fitch